UNITED STATES SHOE CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–11–00668

(Dated August 28, 1998)

## ORDER ESTABLISHING CLAIMS RESOLUTION PROCEDURE

RESTANI, *Judge:* Having considered defendant's and various plaintiff's proposals for a claims resolution plan and comments on the court's proposed plan to resolve the numerous suits filed with the court to recover unconstitutionally exacted Harbor Maintenance Taxes (HMT), the court hereby ORDERS:

### TABLE OF CONTENTS

1. Plan
2. Harbor Maintenance Tax Refund Claim Form
3. Optional Harbor Maintenance Tax Refund Claim Form for Freight Forwarders.
4. Harbor Maintenance Tax Payment Listing and Certification
5. Model Judgment

## 1. *Plan*

### I. *Claim Resolution Process for HMT on Exports*

#### OVERVIEW

In accordance with its previous determinations the court orders immediate refund of HMT on exports for payments received by Customs within two years of the filing of a complaint with the court seeking the recovery of such payments. A second refund may be necessary for older HMT payments related to exports, or for any quarterly payment which is in dispute. In addition, the court has determined that interest is owing on refunded amounts, but the United States is entitled to a stay pending appeal of this issue. Accordingly, if interest is finally determined to be owing, the second refund will include payment for whatever interest is owing.

Following submission of a claim form by a plaintiff, the United States Customs Service will perform an initial search of its computer database for Harbor Maintenance Tax exporter payments. Plaintiff will review Customs' information and, if the information is not disputed, will receive refunds for the specified amounts. Any plaintiff who wishes to dispute Customs' information will have an opportunity to do so by submitting appropriate documentation to Customs. Claims that cannot be resolved after the plaintiffs submit their documentation will be submitted to the court for resolution. Thus, the claims disposition process will proceed as follows:

A. *Receipt of Claims Forms*

Each plaintiff will complete a claim form (see attached) and return it to Customs (NOT THE COURT) at

> U.S. Customs Service
> HMT Refund Claim Forms
> P.O. Box 68940
> Indianapolis, IN 46268

by October 15, 1998. Plaintiff will attach the filed complaint or complaints to its claim form. Customs will process refunds in chronological order by date of filing of plaintiff's first complaint. Claims filed after October 15, 1998, shall be processed in the order of receipt of the claim form.

B. *Phase One—Initial Review of All Claims*

1. *Customs' Verification*

During Phase One of the claims process, Customs will inform plaintiffs of all quarterly payments within the time period covered by the plan revealed in its database. To accomplish that, computer technicians will perform queries of Customs' database for each exporter listed on the claim form. Customs will not search its back-up documentation during this phase. Customs will complete a report, listing all of the payments verified by the database and return the HMT Payment Report and Certification ("Certification") form to plaintiff. (See attached.)[1] The Certification will not cover quarterly payments made prior to the two-year statute of limitations period.[2] The United States will preserve any records relating to HMT payments, regardless of date of payment.

2. *Plaintiffs' Review*

If it is satisfied with the payments listed on Customs' report, a plaintiff will certify on the same form that it believes it is entitled to a refund in the amount specified. Plaintiff will then fill out and sign a judgment form (see attached) with the Certification attached and return the form to the Department of Justice for signing and filing with the court. The judgment should include a schedule listing all complaints related to the refunds. No separate order of consolidation is required.

3. *Schedule and Entry of Judgment*

Customs will commence processing of claims forms as soon after October 15, 1998, as it arranges the claim forms by first complaint date and

---

[1] Given the limitations of this database, Customs will perform this initial review based upon the claim form and without documentation for exporters who made payments directly and in their own name. For exporters who used freight forwarders to make payment, in addition to the claim form, the name of the freight forwarder, the name and exporter identification number of the exporter upon whose behalf payment was made, a listing of payment amounts by quarter and the CF349 (Quarterly Summary Report) or other suitable information submitted with the payment may be submitted with the claim form. Without this information, it may be difficult to locate the freight forwarder payments for which the exporter is seeking a refund. Customs, however, will query its database by the EIN on the claim form without the additional information, but will not make a paper search at this stage.

[2] If litigation results in recovery for earlier time periods, Customs may query its database with regard to such payments at a later time to be established by the court.

is able to query its database. It will prepare and send out certifications as they are prepared.

After receipt of the judgment form from plaintiff (whether in Phase I or Phase II), defendant will have eleven days to file the judgment with the court.[3] Customs will build up its response speed so that after December 15, 1998, Customs shall process no fewer than 500 claims per month. The court expects substantial processing of claims prior to December 15, 1998, and that speed of processing will increase after some months. Customs will report to the court monthly on its progress. The first status report is due on November 15, 1998, and every 15th of the month thereafter.

## C. *Phase Two—Disputed Claims*

Plaintiffs who wish to dispute the payments verified by Customs' database will do so during Phase Two, which will begin immediately upon completion of Phase One, but no later than March 15, 1999. Those plaintiffs will supply Customs with documentation supporting their claims for different or additional payments. Customs will query its computer database and perform the additional step of searching its paper records to attempt to resolve the dispute. Customs will then return a revised Harbor Maintenance Tax Payment Report and Certification form to plaintiffs within 60 days (time subject to adjustment by the court). Administrative review will resolve many disputes. If the revised Certification is satisfactory to plaintiffs, they will then return a judgment with attached Certification form to the Department of Justice for signature and filing within 11 days of receipt.

## D. *Phase Three—Judicial Review*

If the disputes cannot be resolved, plaintiffs may request judicial resolution by filing a proposed scheduling order with the court. Procedures established by this plan are not intended to apply to cases requiring judicial resolution and whatever substantive or procedural law is normally applicable will apply.

## II. *Resolution of Other Issues*

*Stone Container Corp. v. United States,* Court No. 96–10–02366, and *Swisher Int'l., Inc. v. United States,* Court No. 95–03–00322, have been designated test cases on issues relating to jurisdiction and statute of limitations including, *inter alia,* claims that there is no statute of limitations, a six-year statute of limitations applies, and there was tolling during the pendency of class action certification. *Florida Sugar Marketing and Terminal Ass'n, Inc. v. United States,* Court No. 98–05–01303, is designated a test case on the issue of whether HMT on domestic ship-

---

[3] Only two judgments per plaintiff are contemplated by the court. If quarters falling within the currently recognized plan period cannot be resolved in Phase I, plaintiffs have the option of seeking a judgment after Phase I and severing disputed quarters for later resolution or plaintiffs may await the conclusion of Phase II in order to obtain maximum refund during this administrative process.

ments is unconstitutional under the Export Clause.[4] *BMW Manufacturing Corp. v. United States,* Court No. 97–03–00396, is designated a test case on whether HMT on imports into Foreign Trade Zones is permissible. *Thomson Consumer Electronics, Inc. v. United States,* Court No. 95–03–00277, is designated a test case on the constitutionality of the HMT on imports in general. No other HMT test cases will be designated unless a request is received by the court within 15 days hereof for designation of a specific case on an issue not covered by a previously designated test case. The court expects attorneys familiar with this matter to raise all issues of general applicability which relate to HMT and which reasonably can be anticipated.

Any plaintiff who wishes immediate payment on claims covered by a complaint filed within the two years of payment but has included older claims in its complaint must seek severance of the older claims via the judgment form submitted to the court. A new court number will be assigned, and the severed action will be stayed pending resolution of the applicable test case.

Any HMT claim included in a complaint processed hereunder which includes claims related to any non-export matter also must be severed via the judgment form if immediate judgment is desired on export claims.

---

[4] For the purposes of this order "export claims" does not include claims based on HMT on domestic (interstate) shipments.

884

(2)

Court No. _____

## HARBOR MAINTENANCE TAX REFUND CLAIM FORM

Date of Filing of First Complaint: _____ / _____ / _____
                                    Month    Day     Year

Instructions: Please supply all of the information requested below. If payment was made under more than one name or exporter identification number, please identify all possible names and EINs. Attach additional sheets if necessary. **This form is to be used only by exporters who have filed complaints in the Court of International Trade. Any forms submitted by exporters who do not have a case pending will not be processed.**

1.    Name of Plaintiff(s):

2.    Exporter Identification Number(s) :

3.    Exporter Address(es):

4.    Please list all complaints and dates of filing in the Court of International Trade covered
by    this refund claim form and attach copies to this form.

5.    Has the plaintiff previously received from the Government any refunds of Harbor
      Maintenance Tax payments on exports for any reason? _____ No. _____ Yes.

      If the answer is "yes," please specify the dates and amounts of such refunds:

6.    Name and Address to which Harbor Tax Maintenance Payment Report and
Certification is to be Mailed:

      ____ Payment Information or Documentation Supplied by Plaintiff (optional)

_____                    _____
     Date                    .       Authorized Representative of Plaintiff

(3)

HMT SUPPLEMENTAL PAYMENT INFORMATION FORM

**If your payments were made by a freight forwarder or other agent, prompt response may be aided by submission of this form with your HMT Refund Claim Form.**

Exporter Name: _____

Instructions: Please supply all of the information requested below and attach the requested documentation. If payment was made by more than one freight forwarder or agent, please identify all possible freight forwarder names and EINs. Make additional copies of the form if necessary. **This form is to be used only by exporters who have filed complaints in the Court of International Trade. Any forms submitted by exporters who do not have a case pending will not be processed.**

1.  Attach copies of the CF349 or other suitable forms of information that were submitted with each HMT payment.

2.  Complete the following information:

| Freight Forwarder or Agent's Name | Freight Forwarder or Agent's EIN | Payment Date | Quarter Paid | Payment Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3.  Complete certification:

    **I certify that the above statements and payment information are true and accurate to the best of my knowledge.**

    _____          _____
    Printed Name and Title                              Signature and Date

886

(4)

Court No. _____

## HARBOR MAINTENANCE TAX PAYMENT REPORT AND CERTIFICATION

A.    To be completed by Customs:

1.  Name of Plaintiff (including all known variations):

2.  Exporter Identification Number:

3.  Quarterly Payments Not Previously Refunded to Plaintiff

| Payment Quarter | Amount Paid | Date Paid |
|---|---|---|

Total Amount Paid _____

4.  Refunds, If Any, Previously Made By Customs

| Payment Quarter | Amount Refunded | Date Refunded |
|---|---|---|

Total Amount Refunded_____

5.  Total Amount Due_____

_____
Signature of Customs

B.    To be completed by plaintiff:

I hereby certify on behalf of plaintiff that, to the best of my knowledge and belief, plaintiff paid the Harbor Maintenance Tax payments listed in number 3 and is entitled to a refund of those payments as listed in number 5.

_____
Authorized Representative of Plaintiff

(5)

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

ABC CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. _____

(Dated _____)

## JUDGMENT

RESTANI, *Judge:* Pursuant to the procedures established by Order of the Court in Slip Op. 98–__ it is hereby agreed by counsel for the parties,

(A) Plaintiff, _____; and

(B) Defendant, the United States of America ("United States") that:

1. The claims and refunds covered by this Judgment are claims in Court No(s). _____ (schedule attached) relating to payments of the Harbor Maintenance Tax (HMT) on exports.

2. The court has jurisdiction under 28 U.S.C. § 1581(i) (1994).

3. The action was commenced on _____.

4. The amounts set forth on the attached Harbor Maintenance Tax Payment Report and Certification were HMT payments for exports that plaintiff has certified were made and that have not previously been refunded.

5. Plaintiff is entitled to refunds of the payments on the attached Harbor Maintenance Tax Payment Report as provided by law in accordance with the decision in *United States v. United States Shoe Corp.,* 118 S. Ct. 1290 (1998).

6. Interest shall be paid on the refunded amounts in accordance with a schedule set by the court should appellate court proceedings in *International Business Machines Corp. v. United States,* Court No. 94–10–00625, finally resolve that interest is owing on HMT payments.

7. All claims in this action relating to quarters other than those covered by the attached Harbor Maintenance Tax Payment Report or relating to HMT payments on other than foreign exports are hereby severed from this action (and the actions listed in the attached schedule) and designated as Court Number [the above captioned court number]–S.

8. All other non-severed claims in this action are dismissed.

9. Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the defendant, its officers, agents, and assigns, arising out of all HMT export payments for the nonsevered quarters identified in the attached Harbor Maintenance Tax Payment Report, including, but not limited to, all claims for costs, attorney fees, expenses, compensatory damages, and exemplary damages. Defendant releases, waives, and abandons all claims, other than fraud, that it may have against

plaintiff, or its officers, agents, or employees arising out of all HMT export payments for the non-severed quarters identified in the attached Harbor Maintenance Tax Payment Report.

10. Undersigned counsel for the United States and for plaintiff represent that they are authorized by the United States and plaintiff, respectively, to consent to this judgment form.

11. The refund checks issued pursuant to this judgment shall be mailed to plaintiff within 30 days, care of the undersigned attorneys for plaintiff.

12. Each party will bear its own attorney fees, expenses and costs.

| | |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendant |

Date: _____     Date: _____


SO ORDERED:

JANE A RESTANI
Judge